IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFFORD CHESSER,

Plaintiff,

-vs-

VERIZON WIRELESS SERVICES, LLC,

Defendans.

CASE NO.: 3:13-CV-1544-J-99TJC-JBT

_____/

## COMPLAINT

Plaintiff, CLIFFORD CHESSER, by and through his undersigned counsel, sues the Defendant, VERIZON WIRELESS SERVICES, LLC, ("VERIZON") and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and Florida Statutes.

4. Venue is proper in this District because the Plaintiff resides in this District (Duval County) and the Defendant transacts business in Duval County, Florida.

1

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

6. Defendant, VERIZON, is a corporation and a citizen of the State of Delaware with its principal place of business located at One Verizon Way, VZ52N068, Basking Ridge, New Jersey.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida.

8. Defendant, at all times material, was attempting to collect on a Verizon Wireless consumer account and/or was making calls to Plaintiff's cellular telephone number (904) 401-1739, related to on a Verizon Wireless account belonging to "Jason Pulton or Holton," of whom Plaintiff has no knowledge (hereinafter the "subject Verizon account").

9. Plaintiff has never had a Verizon account, of any sort, and has no business relationship with Verizon Wireless Services, LLC.

10. Upon information and belief, each call the Defendant, VERIZON, made to Plaintiff's cellular telephone number, (904) 401-1739, was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered one of Defendant, VERIZON's, calls a similar length automated and/or prerecorded message would immediately begin to play, and advise Defendant was seeking "Jason Pulton or Holton," and the voice that spoke the words "Jason Pulton or Holton" as well

as the return number to call, was a different artificial and/or prerecorded voice that started the message and there were artificial pauses before and after the different artificial and/or prerecorded voice.

11. Each of the autodialer calls the Defendant, VERIZON, made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12. In approximately April, 2013, Plaintiff began receiving autodialer calls from Defendant, VERIZON, on his cellular telephone number, (904) 401-1739, concerning a debt arising out of the subject Verizon account for "Jason Pulton or Holton," of whom Plaintiff had no knowledge.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (904) 401-1739, and was the called party and recipient of Defendant, VERIZON's, autodialer calls.

14. The autodialer calls from Defendant, VERIZON, came from telephone numbers which include but are not limited to: 866-515-3228, 904-256-9506, 904-256-9499, and 904-256-9496.

15. After receiving several of these autodialer calls nearly every day in April, 2013 from Defendant, VERIZON, in or about May, 2013, Plaintiff dialed the telephone number the automated and/or prerecorded message left and said to call if they were not the party VERIZON was attempting to contact (i.e. 866-493-0394), and spoke with a representative of VERIZON and told that representative that: he did not know any "Jason Pulton or Holton;" that Plaintiff personally did not owe them any money to Defendant; and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant, VERIZON, stop and to be taken off the Defendant's call list as their calls were using up his prepaid minutes.

16. Despite informing Defendant, VERIZON, that he was not the person VERIZON was attempting to contact, to stop calling, that he was never a VERIZON customer and did not owe

3

the subject debt, the Defendant, VERIZON's autodialer calls to Plaintiff's cellular phone continued.

17. After continuing to receive autodialer calls from Defendant, VERIZON, Plaintiff again contacted VERIZON in approximately, July, 2013, an effort to have the calls stopped and again spoke to a representative of VERIZON, which had the effect of <u>increasing</u> the number of autodialer calls to Plaintiff's cellular telephone number.

18. The autodialer calls from Defendant, VERIZON, continued approximately, on average, three (3) times a day from April, 2013, until approximately November, 2013. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

19. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant, VERIZON, to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of a snapshot of Defendant's autodialer call frequency for the period of September 18, 2013 through September 23, 2013, showing two (2) to three (3) autodialer calls a day to Plaintiff's cellular telephone over that six (6) day time period.

20. Attached as **Exhibit "B"** is a true and correct copy of the transcript of the artificial or prerecorded voice message used and left by Defendant during some or all of its autodialer calls to Plaintiff's cellular telephone.

21. The Defendant, VERIZON, has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the

Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond May, 2013, when Plaintiff first advised Defendant that they were calling the wrong number, that he did not know "Jason Pulton or Holton," and to stop calling Plaintiff.

23. Defendant, VERIZON's,, corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

24. Defendant, VERIZON's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

25. Defendant, VERIZON, knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the automated calls to stop.

26. Defendant, VERIZON, knowingly employed methods that did not permit the cessation of or suppression of calls to the Plaintiff's cellular telephone.

27. Plaintiff did not expressly consent to Defendant, VERIZON's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant, VERIZON's placement of the calls.

28. Due to Defendant, VERIZON's, constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30. None of Defendant, VERIZON's, autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Defendant, VERIZON, willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in May, 2013, that Defendant was calling the wrong number, that he did not know "Jason Pulton or Holton,", that he did not owe the subject debt, and to stop calling Plaintiff.

32. Defendant, VERIZON, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, VERIZON, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA" against VERIZON WIRELESS SERVICES, LLC)

33. Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) above and further states:

34. At all times relevant to this action Defendant, VERIZON, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

35. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, VERIZON, per its conduct in continuing to call Plaintiff on the subject Verizon account, despite repeated notifications to stop calling and that Plaintiff was not Defendant's customer, engaged in conduct that can only be construed as conduct alleging that Plaintiff was obligated to pay said debt.

36. Defendant, VERIZON, has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

37. Defendant, VERIZON, has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

38. Defendant, VERIZON, has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff.

39. Defendant, VERIZON's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Defendant, VERIZON, for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Dated this 12th day of December, 2013.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

## CALL LOG SAMPLE

September 18, 2013 @ 3:02 pm
September 18, 2013 @ 4:24 pm
September 19, 2013 @ 9:11 am
September 19, 2013 @ 1:07 pm
September 19, 2013 @ 5:06 pm
September 21, 2013 @ 9:41 am
September 21, 2013 @ 10:54 am
September 21, 2013 @ 6:00 pm
September 23, 2013 @ 11:10 am
September 23. 2013 @ 3:01 pm
September 23, 2012 @ 5:00 pm



## TRANSCRIPT OF AUDIO OF DEFENDANT, VERIZON'S ARTIFICIAL AND/OR PRERECORDED VOICE MESSAGES:

"This is Verizon Wireless regarding a status change to your account which requires immediate attention. Please have Jason Polton contact us at 877-234-8334 today where you will be prompted to enter your 10-digit reference number 9047107457. Again that number is 877-234-8334 and the referenced number is 9047107457. Thank you from Verizon Wireless."

"This is a message for Jason Polton, if we have reached a wrong number for this person please call us at 866-493-0394 to remove your number; if this is not Jason Polton please hang up. If this is Jason Polton, please continue to listen to this message. Jason Polton you should not listen to this message so that other people can hear it as it contains personal and private information."


EXHIBIT B